Our last case today, number 241364, Jose Amauri Sanchez-Jimenez v. United States et al. Counsel for Appellant, please introduce yourself on the record to begin. Yes, may it please the Court, Javier Morales on behalf of Jose Sanchez. I would like to keep two minutes for rebuttal if possible. You may. Thank you. In this case, Your Honor, I would like to summarize my points. The District Court summarized the government's jurisdictional challenge on the lack of proper notification of the administrative claim to the agency, saying two things. And this is from page 14 of the Opinion and Order, which is also the addendum, page 14. The U.S. Attorney was an improper recipient of his SF-95 and CBP never received plaintiff's claim. The first thing that the Court said here, that the U.S. Attorney's Office was an improper recipient, brings up what I have presented in terms of the constructive filing under the cases that I have cited. The second thing, that the CBP never received… And was that raised below? No, I don't think so. The second thing, that the CBP never received plaintiff's claim, brings the question of what is a claimant's duty once they have sent the SF-95 and have a certification from the USPS that what he sent, he or she sent, was received at the offices of the intended agency. In this particular case, we have the USPS certification that what we personally sent in the mail to the U.S. Attorneys and to the CBP was received by the U.S. Attorney's Office. And what do you say about the emails that your opponents are relying on, which suggest that it wasn't in it? They then cite some authority from the 11th Circuit about why those emails can be considered, and they contend you never made an argument that they couldn't be considered. Well, my position is that I show delivery through the USPS certification. And what I mentioned in the brief is that those emails are from the Miami office, and they are not from the main office to where I sent my SF-95. So, I have… Even if we looked at them, they wouldn't tell you enough. So, if you take a look at what I have from the USPS tracking, it is priority mail, certified mail. This is the appendix pages 34 and 35. What does the USPS tell me? Your item was delivered to the front desk reception area or mail room at 1116 a.m. on December 14, 2021 in Washington, D.C. 20229. Am I not to trust what the government is telling me that what I sent was received? That's one of the questions that I have. The other thing that we have in this case, Your Honor, is that the fact that the US attorney's office did receive the SF-95. If we assumed all of this was true and they got it, you still need a viable claim on this appeal, which is the malicious prosecution claim and the Bivens claim. Put aside the Bivens claim for a second. If my colleagues want to ask more about the receipt issue, please do. But on the claim itself, as I understand it, one argument about a ground for dismissal would be that there was probable cause even minus the false testimony. And if that's so, is there any authority suggesting that when there is probable cause objectively minus the problematic testimony, the claim is still viable? Well, I think that, first of all, my complaint is not the best of complaints that I've written. So if I was to tell you how to read my complaint, I would have to go backwards and go to the damages remedies where I, in 6.1, I say that during the year and almost two months, this ordeal lasted, meaning the pretrial detention of my client. And the Supreme Court says there is a liberty deprivation even when you are under a forgery. I understand all that. My focus is on there was a set of facts that before anybody testified to anything, just from what your client undisputed, without dispute, said to the officers and the circumstances in which they found the passport. There is a contention that those facts, just take those facts alone, those constitute probable cause. I don't think so. Okay. And I just wonder, is it, do you agree that if they did, the claim fails even though there was false testimony? No, because you have to apply the totality of the circumstances. So that's, I guess, is there authority for the idea that when, as a matter of law, the untainted, unproblematic evidence satisfies the standard for probable cause, nonetheless, you could bring the Melissa's prosecution claim because there was false testimony on top of that? Well, I think that the Ada Morales case, which is Morales v. Chadbourne, 793 Federal 3rd, 208. This was a Bibbins case that had to do with in-migration proceedings. There, a person presented information that kept this lady detained. And one of the things that this court said was that this person, the person that was doing the review of Ada Morales' statements, did not review the data that he should have reviewed. In this particular case, when the agent goes to the grand jury, he says, okay, I had all of this information, but I also reviewed the cellular phone. That's a little different because here the relevant decision maker had the information and looked at it. The question is, when that alone would be enough, can it still be a viable claim just because there was false testimony on top of that? If I didn't take you to be arguing that it would be a problem if there was false testimony on top of evidence that the grand jury reviewed that on its own would be enough for probable cause, I understood you'd be arguing there's not enough evidence to show probable cause absent the false testimony. That would be my position. Okay. So you want to just address why the circumstances and evidence at the stop, given what he said, oh, I had my doubts about it. Yes, it's in a separate compartment. I have to go back to the cell phone. He gave the cell phone, and they relied on the cell phone also. And the cell phone has information that constructs, that supports what he said. I received a message from such and such a person. The message was there in the cell phone. And he told me that the barber told him that he needed someone to bring a passport for a friend of the barber. Okay, can you pick it up? They are willing to pay $200. So what my client is telling the agent is supported by what is in the cell phone. Nothing in the cell phone messages. Counsel, why is it not enough? We've said probable cause is not that high of a standard. If someone is being paid $200 to take a passport for somebody that they don't know, and they put it somewhere because they admit they already have some concerns that it may not be a valid passport, why isn't that enough under how we've defined probable cause using a common sense understanding? $200 is almost nothing. You know, you have to pay for gas if you're going to do a favor. You have to pay for gas to go meet someone to get the passport. But it was also hidden in the lining of the suitcase. Well, that is a very interesting thing because, you know, what they're saying that it was hidden, okay, it's because there is a liner which has a zipper, and it goes behind that, close with the zipper. I use that area to put my dirty clothes when I am traveling, you know. I am hiding them from the rest of my clothing because I don't want the rest of my clothing to get dirty. Well, that didn't happen here, though. No, no, no, no. You don't want to analogize a passport to something that's dirty. Definitely. What I'm saying is that the fact that it was in a place in the suitcase that really is not absurd to put things doesn't mean that, you know, he was like, you know, I would, if someone was bringing drugs into the town. Didn't he say the reason he put it there was because he had doubts about whether it was legal? Yes, he said that he was not sure. And that's why he put it there. That's what he testified, and that's what is in this one statement. That's why I would not give you probable cause to think, you know, that's all he's saying now, but as we get into this, we'll find out more. So there's probable cause to think that he knew. Well, I don't think that that is enough. It's not enough maybe to prove that he knew, but just to have probable cause to think he did. And so as the thing develops, we'll be able to prove it out. If you review the whole thing and you review it in light of the messages in the cell phone, nothing in the cell phone says anything contrary to what he had said, that he was going to be picking this up, that a friend told him to pick it up. There was no preconception. He didn't go there to pick that up. He was working in his family's, his father's home, seeing his wife. So I don't see the link between, well, I put it there. You're talking about a guy who has an eighth grade. You know, this is not a very right individual. And I don't think that a person who is actually with a criminal intention going to hide something is going to put it in a place where it's going to be found so easily. Do you have time? You're out of time. Out of time. You're over time. Thank you, Counsel. Well, Attorney for Apeliz, please come up and introduce yourself on the record. Good afternoon, in fact, Your Honors. And may it please the Court. Janie Lilly on behalf of Officer Garay and the United States. Because I'm representing both Officer Garay and the United States, I'd like to talk about the Bivens claims against Officer Garay, which plaintiff doesn't meaningfully dispute in his brief or in oral argument. But the District Court correctly held that there are no Bivens remedy available for his malicious prosecution claim. And then I'd like to turn to the Federal Court Claims Act case. As Judge Barron noted, plaintiff did not raise the improper transfer below and under this court's case in Ortiz-Rivera, that argument has been waived. The CBP emails attached to the pleadings below demonstrate that CBP searched records not only in Puerto Rico but in D.C. and that it found nothing that would indicate that plaintiff's counsel had filed an inappropriate administrative claim. And for those reasons, the District Court's dismissal for lack of subject matter jurisdiction was correct. Well, the receipt indicates that they sent something, correct? That is the contention in the complaint, and there is a tracking number but no evidence. I assume you're talking about the receipt by the U.S. Attorney's Office? The tracking number. They say it's proof of mailing. Yes, Your Honor, so there were tracking numbers for both the CBP mailing and the U.S. Attorney's Office. I assume, in fact, that you're asking about the CBP mailing. Yes. Your Honor, he may have, in fact, mailed something, but without any – He alleged that it was the proper thing. He did, Your Honor, but – So why wouldn't we take as true that he mailed the proper thing? Because it is plaintiff's burden to establish jurisdiction, and the agency – Is it clear this is jurisdictional? Yes, Your Honor. The presentment requirement or the notice requirement, as this Court has described it, is a jurisdictional requirement. But then I thought there's at least a dispute as to whether it potentially is a claims processing rule in this context. Your Honor, there – No. Perhaps there is – there can be many things. I thought you had a footnote in your brief as the main place I got the idea from. Well, and we submitted a clarification to the Court on March 1st. Yeah, I understand that. Yes. Let's go back to prior to the clarification. Somebody had the thought there that maybe it was a claims processing rule. Well, Your Honor, what is clear that is a claims processing rule is the two-year time limit in 2401. And that's under U.S. v. Wong, and this Court has recognized that. The requirements that plaintiffs submit an administrative claim that would allow for all of the important interests that this Court has recognized in Holloway and Ortiz-Rivera for the United States to be able to potentially settle the claim, know which agency is the appropriate respondent, those important interests are jurisdictional, and the presentment requirement is jurisdictional. The fact that plaintiff present that to allow those, and it's attendant to the United States waiver of sovereign immunity in the FPCA itself. And have we ever held this out of curiosity? Have we established, really, that sovereign immunity is a jurisdictional thing as opposed to just a defense? In the context, like, with respect to the FPCA and the sort of claim? I guess the FPCA claim we have, and then you're saying that it's just a waiver with respect to the FPCA?  Okay. Yes, Your Honor. I mean, they allege in their complaint, and they've got the tracking number that they mail the correct form, and that this is what the form said. I mean, so does it come down to they better keep a copy of what it is or attach a copy of what they mail? And that we can't rely on the allegations in the pleading to establish that it's sufficient proof for proof that they did what they said they did? A couple of responses, Your Honor. One is it certainly would be best practice to keep a copy so that you can – so that a plaintiff could demonstrate that he had satisfied some certain requirements, that he had directed it to – Obviously, best practice, yes. Yes, Your Honor. If you don't do it. If you don't do it, then if the United States has not – the appropriate agency has not received the – Presumably, you could have an affidavit, right, saying what was in the pleading. Yes, Your Honor. And there's no affidavit here? And the plaintiff has never done that, has never done that here, despite the United States, you know, filing a motion to dismiss, submitting evidence to the court that it had not received it. There has never been an affidavit or any sort of submission demonstrating that it satisfied the requirements of notice and this uncertain requirement. So that information is simply absent here, and therefore, the district court correctly dismissed the complaint for lack of subject matter jurisdiction. Can I ask you a question on the state – you know, failure to state the claim analysis? Yes. Moving to that part of the case. One of the things I've been struggling with is on the malice issue. Mr. Gray said that he absolutely believed that the documents here were fraudulent, that that's in the record. But is it possible to still be acting maliciously if you represent the actual facts to the grand jury, even if you believe that ultimately the defendant has brought in fraudulent documents? If you overstate the facts to the grand jury, can that be malicious in your view? Your Honor, under this court's decision, Lozado Manzano examined the malice component under Puerto Rican law for a claim of malicious prosecution. And there, the court reviewed that a claim for malicious prosecution is for extreme circumstances, demonstrating bad faith, some sort of ill intent, but the type of negligence that was alleged in that case was insufficient to establish malice under Puerto Rican law. And I don't believe that the plaintiff has pointed to a case under Puerto Rican law or otherwise that would show that this type of good faith discrepancy. But I thought the plaintiff is alleging that there's bad faith. In other words, that the officer intentionally changed what was said to him to make it sound worse for the defendant to ensure that there would be an indictment. In other words, we can agree or disagree about whether the facts in and of themselves should have been sufficient, but here the allegation is the officer wanted to ensure the indictment and therefore changed the facts and did so intentionally. So this was not a negligence accusation as I understood it. It was intentional misrepresentation of the facts in order to ensure the indictment. But, Your Honor, but as we noted in our brief, that may very well be his allegation. But he hasn't pointed to anything that shows that that mere allegation that – Well, he just – it's plausible given how big the discrepancy is. He just pointed to the different statements. Yes, Your Honor, that there are – Why isn't that plausible? If I say, gee, I don't know, maybe it's mine, and then I testify, he told me he knew it was his. It wasn't his. That's – I mean, I might think for plausibility, plausible that that was an intentionally false statement. Your Honor, that may very well be. I don't think that plaintiff has provided any case law that that type of delta is sufficient to show malice under Puerto Rican law or under the FDCA. But even if the court has questions about malice, as this court has identified, plaintiff has failed to show that there was a lack of probable cause even without the problematic testimony. And so the court could affirm on that basis as well. What's the government's position on the question that Judge Barron asked, which even if there is probable cause without the offending language, that you could still make out a case? Your Honor, my understanding is that that question was directed to plaintiff about whether – Now it's being directed to you. Yes, about whether he has shown that there is – Is there any case law support for or against the proposition? Your Honor, the case law that we said in our brief establishes the presumption that there is probable cause when there is an indictment. And as this court has noted at oral argument in our brief, that there was sufficient evidence from which to establish probable cause in this case. And do you – I know how you're going to answer this question because I hate to ask it. But with respect to whether an argument has been made in this case that even though there was probable cause, because of the false and malicious statement, the claim therefore can go forward. Do you understand that to be an argument that's made or is the argument that there was not probable cause? My understanding from the oral argument presentation here, if I may continue, and the briefing is the latter, that plaintiff has contended that there wasn't probable cause. And as Judge Rickleman and Judge Barron have noted, probable cause is a low standard, and there was ample evidence to establish probable cause in this case. Thank you. Thank you, Your Honor. Attorney Morales-Ramos, you have a two-minute rebuttal. Please reintroduce yourself on the record. Yes. I'm Javier Morales on behalf of Mr. Jose Sanchez. The complaint at Section 6 has the damages section. In that section, I informed the court that the time period that is involved in this case, which is very important for you to notice, is a year and two months prior to him being found not guilty by the jury. Okay? He was found not guilty on November 18th. You go back one year, two months, and we are in September when he was intervened. Okay? I brought to the court's attention the Chiaverini case because that Chiaverini case brings up a new cause of action that I have now after Chiaverini. Why? Because this person not only lied before the grand jury, he also misrepresented the intentional aspect of the crime to the judge, and also he brought a Section 1543 charge without any probable cause at all. Okay? So what am I asking? I am asking you to review Chiaverini, review the time frame that I am presenting to you that goes back to September, and I am requesting you to take a look at those paragraphs in Sections 3, 4, 5, where I make general allegations about malicious prosecution and the violation of the Fourth Amendment that also apply to the Section 1543 that was presented to the magistrate judge without any probable cause. What did the district court have to say about these aspects of your complaint? Nothing because Chiaverini came afterwards. This is a new case. Chiaverini changes everything, you know? Yeah, but it can't change what you were thinking when you alleged things. Well. Because you didn't know about it. I didn't know. Yeah. So it's hard to read your complaint to have made those claims. Yeah, but that's why I presented it to NHA. Okay, I got it. Thank you. Any more questions? No. Okay. Buen provecho. Bon appetit. Thank you. That concludes arguments in this case. All rise.